FIDELITY MANAGEMENT & RESEARCH COMPANY, etc., et al., Plaintiffs,

v.

ACTUATE CORPORATION, etc., Defendant.

Civil Action No. 10–10005–RGS.

United States District Court, D. Massachusetts.

June 28, 2011.

David G. Thomas, Victor H. Polk, Jr., John F. Farraher, Jr., Greenberg Traurig, LLP, David C. Aisenberg, Looney, Cohen, Reagan & Aisenberg LLP, Boston, MA, for Plaintiffs.

James A. Diboise, Anne Marie Nicpon, Tracy Tosh Lane, Arnold & Porter, San Francisco, CA, Jocelyn L. Dyer, Donnelly, Conroy & Gelhaar, LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RULE 30(b)(6) WITNESS FOR THE CONTINUATION OF HIS DEPOSITION AND FOR SANCTIONS FOR IMPROPER INSTRUCTIONS NOT TO ANSWER (# 72)*

COLLINGS, United States Magistrate Judge.

The issue raised by the motion is how the Court can best resolve a dispute as to how plaintiffs may obtain factual information in a deposition taken pursuant to Rule 30(b)(6), Fed.R.Civ.P.,[1] in an manner which does not impinge on the work-product of defendant's counsel in the process. In the instant case, during the 30(b)(6) deposition plaintiffs' counsel sought to discover the **facts** which form the basis of defendant's damage claims and asserted affirmative defenses. Both sides agree that such discovery is permissible and that a 30(b)(6) deposition can be utilized to obtain this information; indeed, both sides

---

**1.** Hereinafter, a "30(b)(6) deposition" or a "30(b)(6) witness".

point to the decision in *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.,* 2008 WL 427290, *1 (D.Mass., Feb. 13, 2008) (Zobel, D.J.) in support of their respective positions.

However, it is not clear that a 30(b)(6) deposition is the best method for obtaining the information. Rather, it can be argued that contention interrogatories are a better vehicle. The reason is simple—complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a non-lawyer, to answer this type of questions after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers. *See Pentair Water Treatment (OH) Company v. The Continental Insurance Co.,* 2009 WL 3817600, *2 (S.D.N.Y., Nov. 16, 2009) (Francis, U.S.M.J.). And drawing the line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult. *See Oklahoma v. Tyson Foods, Inc.,* 262 F.R.D. 617, 631–32 (N.D.Okla., 2009) (Cleary, U.S.M.J.).

The Court has had occasion recently to note the difficulty of seeking facts at a deposition of an investigator hired by an attorney without eliciting work-product material in the process. *Bear Republic Brewing Co. v. Central City Brewing Co.,* 275 F.R.D. 43, 45 (D.Mass., 2011) (Collings, U.S.M.J.). Although arising in a different context, the problem is quite similar. The Court, in discussing the case of *Laxalt v. McClatchy,* 116 F.R.D. 438 (D.Nev., 1987), wrote:

> ... [t]he Court [in the *Laxalt* case] noted that '... there is a possibility that a discussion of factual matters may reveal counsel's tactical or strategic thoughts.' *Id.* at 443 (citing *Powell v. United States Dept. of Justice,* 584 F.Supp. 1508, 1520 (N.D.Cal.,

1984)). 'The work product privilege protects intangible work product as well as what Fed.R.Civ.P. 26(b)(3) calls "documents and tangible things".' *Nesse, etc. v. Pittman,* 202 F.R.D. 344, 356 (D.D.C., 2001) (citing *Alexander v. FBI,* 192 F.R.D. 12, 17 (D.D.C., 2000); *Athridge v. Aetna Cas. & Sur.Co.,* 184 F.R.D. 200, 209 (D.D.C., 1998); *Laxalt,* 116 F.R.D. at 441; *Delco Wire & Cable, Inc. v. Weinberger,* 109 F.R.D. 680, 691 (E.D.Pa., 1986)). As a result, at a deposition of an investigator, counsel must '... carefully tailor his questions in the deposition, so as to elicit specific factual material, and avoid broad based inquiries, ... which could lead to the disclosure of trial strategies.' *Laxalt,* 116 F.R.D. at 443 (citing *Powell,* 584 F.Supp. at 1520).

*Bear Republic,* 275 F.R.D. at 45.

The 30(b)(6) deposition in the instant case is a poster boy for this type of problem. Plaintiffs' counsel argues that the questions which defendant's counsel instructed the witness not to answer did not seek information protected by the work-product doctrine, and the instructions not to answer had the effect of preventing plaintiffs' counsel from obtaining the information which he sought and to which he was entitled. Defendant's counsel argues that plaintiffs' counsel's questions which he instructed the witness not to answer did seek information protected by the work-production doctrine, but when plaintiffs' counsel rephrased his questions so as to limit the query to just facts, the witness did answer and plaintiffs' counsel in the end got all the information which he sought.

The Court has determined that it makes little sense to permit further oral questioning of the 30(b)(6) witness. The problems encountered earlier are likely to recur, and unless there is a judge present to rule on the merits of each objection (which there will not be), nothing will be resolved, and counsel and the Court will be left with another deposition transcript riddled with objections and further motion practice thereafter. Thus, the Court shall act pursuant to Rule 26(b)(2)(C), Fed. R.Civ.P., and permit further questioning of the 30(b)(6) witness by means of a deposition upon written questions pursuant to Rule 31,

Fed.R.Civ.P. The Court finds that in the circumstances, that method will be "... more convenient, less burdensome and less expensive." Rule 26(b)(2)(C)(i), Fed.R.Civ.P.[2] This is especially so since the Court can hear and decide any objections to the questions before the written answers are provided and rule on any complaints that the answers are not responsive. This resolution of the problem preserves the plaintiffs' choice to obtain this information in a 30(b)(6) deposition while minimizing the serious problems which are incurred when such a deposition is taken orally.

Accordingly, it is ORDERED that Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Witness for the Continuation of his Deposition and for Sanctions for Improper Instructions not to Answer (# 72) be, and the same hereby is, ALLOWED in part, DENIED in part and otherwise PRETERMITTED. The 30(b)(6) deposition shall be resumed as a deposition upon written questions seeking factual information which counsel for the plaintiffs asserts was not provided on the two subject matters during the earlier oral deposition. However, before the questions are delivered to the officer pursuant to Rule 31(b), Fed.R.Civ.P., plaintiffs' counsel shall file and serve the proposed questions. The defendant shall have fourteen (14) days thereafter to file objections to the questions. The Court shall thereafter rule on the objections. After the Court's rulings, the questions shall be delivered to the officer pursuant to Rule 31(b), Fed.R.Civ.P., who shall then take the deposition testimony. After preparing and certifying the deposition and sending it to plaintiffs' counsel, plaintiffs' counsel may file objections that the answers are non-responsive or fail to provide information to which plaintiffs' counsel is entitled. The objections shall contain any follow-up questions which plaintiffs' counsel wishes to pose. Within fourteen (14) days after the filing of the objections, defendant's counsel may file a response to the objections and any objections to the follow-up questions. The Court will then rule on the objections, and if appropriate, allow follow-up questions. The issue of requested sanctions is pretermitted.

Nothing herein shall prohibit counsel from agreeing to other methods, short of a resumed oral deposition, for plaintiffs to obtain the information they seek. After considering the within Order, counsel may decide that contention interrogatories might be a better route. *See CG Roxane LLC v. Fiji Water Company, LLC.,* 2008 WL 2276403, *6 (N.D.Cal., May 30, 2008) (Howard, U.S.M.J.).

the oral deposition would necessitate either the witness coming to Boston or the lawyers traveling to the West Coast.

---

**2.** Among other reasons why resuming the deposition on written questions is less expensive is that the 30(b)(6) witness lives and works in the San Francisco, California area and a resumption of